# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4866 | **DATE** | JUL 2 9 2011 |
| **CASE TITLE** | United States of America ex rel. Robert Thomas (N53969) vs. Warden Marcus Hardy | | |

## DOCKET ENTRY TEXT

The Court dismisses the habeas corpus petition without prejudice for failure to exhaust state court remedies. Petitioner's motion to stay these proceedings (Dkt. No. 3), is denied. Petitioner may refile his habeas corpus petition when he has completed his state court remedies or when he believes that his state court remedies are unavailable due to inordinate delay. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Petitioner Robert Thomas, presently an inmate at the Stateville Correctional Center in the custody of respondent Marcus Hardy, has filed a renewed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). He was convicted of murder, theft and aggravated possession of a stolen vehicle, and was sentenced to life imprisonment in the Circuit Court of Cook County in 1992. *Illinois v. Thomas*, No. 91 CR 4781 (Circuit Court of Cook County) (Dkt. No. 1 at 1). The Appellate Court of Illinois, First District, affirmed his conviction, *Illinois v. Thomas*, 641 N.E.2d 867 (Ill. App. Ct. 1994), the Supreme Court of Illinois denied his petition for leave to appeal (PLA), *Illinois v. Thomas*, No. 78096, 647 N.E.2d 1015 (Ill. Feb. 1, 1995) (Table), and petitioner states that he did not bring a petition for a writ of certiorari in the Supreme Court of the United States. (Dkt. No. 1 at 2).

Petitioner filed a postconviction petition (PC) pursuant to Illinois's Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq* in 1995 in the Circuit Court of Cook County. *Illinois v. Thomas*, No. 1-09-1248, slip op. at 5 (Ill. App. Ct. Apr. 11, 2011); (Dkt. No. 1 at 5). While the PC proceeding was pending in the circuit court, petitioner filed a federal habeas corpus petition in this Court. *United States of America ex rel. Thomas v. Detella*, No. 97 C 2865 (N.D. Ill.). The Court granted petitioner leave to proceed *in forma pauperis*, but dismissed the petition without prejudice for failure to exhaust his available state court remedies due to the pending state PC proceeding. (Dkt. Nos. 7, 10).

The PC proceeding was before the Circuit Court of Cook County for over a decade. The circuit court dismissed the petition on May 1, 2009, and the appellate court affirmed the dismissal on April 11, 2011. *Thomas*, No. 1-09-1248, slip. op. at 1, 6; (Dkt. No. 1 at 5). Petitioner filed a PLA on May 16, 2011. *Illinois v. Thomas*, No. 112406 (Ill.). His PLA is presently pending before the Illinois Supreme Court. That court has completed its term for the summer and will not reconvene until September 2011.

Petitioner has returned to this Court with a renewed habeas corpus petition and motion to stay these proceedings pending the resolution of his PLA before the Illinois Supreme Court.

As an initial matter, the Court notes that the present habeas corpus petition does not implicate 28 U.S.C. § 2244(d)'s limitation on second or successive petitions because the 1997 petition was dismissed without prejudice for failure to exhaust state court remedies. *Magwood v. Patterson*, 130 S. Ct. 2788, 2796-97 (2010) (citing *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)). This is petitioner's "first" petition for purposes of § 2244(b). Petitioner also does not need to pay an additional filing fee because he was granted IFP status by the Court in 1997.

Petitioner claims that he needs a stay of these proceedings while his PLA is pending because he believes that he has one day remaining on his one-year statute of limitations period under 28 U.S.C. § 2244(d). (Dkt. No. 3). He arrives at this conclusion based on the fact that he filed his habeas corpus petition in *Thomas v. Detalla*, No. 97 C 2865 on April 22, 1997. Petitioner's conviction became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), and so he had one year from its enactment, until April 24, 1997, to file his federal habeas corpus petition. *Graham v. Borgen*, 483 F.3d 475, 478 (7th Cir. 2007) (citing *Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005)).

Petitioner's 1997 habeas corpus petition does not control the statute of limitations calculation for two distinct reasons. First, petitioner states that he filed a state PC petition in 1995. This PC proceeding should toll the statute of limitations as long as it qualifies as a properly filed postconviction proceeding for purposes of 28 U.S.C. § 2244(d)(2). There is nothing before the Court to suggest that the PC proceeding is not a properly filed application. The PC proceeding, which has been pending since 1995 and is presently before the Illinois Supreme Court, should satisfy any statute of limitations concerns. The PC, assuming it is a properly filed application for § 2244(d)(2) purposes, began tolling the statute of limitations upon the AEDPA's April 24, 1996 effective date, and has continued tolling through the present. Thus, as long as the PC proceeding qualifies for tolling, the full one-year of the limitations period remains.

Furthermore, the 1997 federal habeas corpus petition has no effect on the statute of limitations because the petition's dismissal means that it is treated as if it did not exist. *Lee v. Cook County, Ill.*, 635 F.3d 969, 971-72 (7th Cir. 2011). Federal habeas corpus petitions are not state postconviction proceedings and so they cannot toll the statute of limitations under § 2244(d)(2). *Dolis v. Chambers*, 454 F.3d 721, 723 (7th Cir. 2006) (citing *Duncan v. Walker*, 533 U.S. 167, 180 (2001)). The dismissal of the unexhausted habeas corpus petition in 1997 was proper because, as explained above, petitioner has the pending state PC proceeding tolling the statute of limitations. The Court will revisit the correctness of the 1997 dismissal should this understanding of the state PC proceeding be incorrect. *See Arrieta v. Battaglia*, 461 F.3d 861 (7th Cir. 2006); *Dolis*, 454 F.3d at 723-24. In sum, petitioner has the full one-year statute of limitations period remaining and he has a pending state court proceeding tolling the statute of limitations. Dismissal of the habeas corpus petition without prejudice is the appropriate result. *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (protective stay not needed when petitioner has five months remaining on statute of limitations period). Petitioner should refile his habeas corpus petition when he has completed his state court proceedings.

One final note regarding inordinate delay. Petitioner mentions that he has faced an inordinate delay in his state PC proceedings. The proceedings have lasted over a decade and a half. "'Inordinate, unjustified delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief.'" *Hawkins v. Montgomery*, No. 10 C 0384, 2010 WL

---

## STATEMENT

3947525, at *4 (N.D. Ill. Oct. 7, 2010) (quoting *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997)). Despite the alleged inordinate delay, petitioner does not request the Court to excuse the exhaustion requirement. To the contrary, petitioner seeks to continue his exhaustion via his present PLA in the Illinois Supreme Court.

For the reasons set forth above, the Court dismisses the habeas corpus petition without prejudice for failure to exhaust state court remedies. Petitioner's motion to stay these proceedings (Dkt. No. 3), is denied. Petitioner may refile his habeas corpus petition when he has completed his state court remedies or when he believes that his state court remedies are unavailable due to inordinate delay. Civil Case Terminated.